UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TASHEKA YOUNG,
    Plaintiff,

v.

COX RADIO, INC. d/b/a COX MEDIA GROUP JACKSONVILLE,
    Defendant.

Case No. 3:21-cv-497

**JURY TRIAL DEMANDED**

## COMPLAINT

**COMES NOW** the Plaintiff, TASHEKA YOUNG ("Plaintiff"), by and through the undersigned Counsel, and hereby sues COX RADIO, INC. d/b/a COX MEDIA GROUP JACKSONVILLE ("Defendant"), and alleges the following:

1. Plaintiff is an individual resident and citizen of Jacksonville, Duval County, Florida.

2. Defendant is a Florida corporation whose principal place of business is in Atlanta, Georgia.

3. This Court has jurisdiction over this lawsuit, pursuant to 28 U.S.C. § 1331.

4. The unlawful employment practices alleged in this complaint were committed within the State of Florida in this judicial district and division.

5. Venue is proper in this judicial district and division.

6. Plaintiff timely filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission (the "EEOC"). The EEOC issued Plaintiff a right to sue letter on February 9, 2021. Plaintiff received the notice of her right to sue from the EEOC on or about February 12, 2021. A copy of the notice is attached hereto as **Exhibit 1**.

1

## GENERAL ALLEGATIONS

7. Plaintiff is an African American, black female.

8. In or about July 2013, Defendant hired the Plaintiff to work as an on-air announcer with Power 106.1 FM, one of Defendant's radio stations.

9. During her employment with the Defendant, Plaintiff performed her job duties well and received consistently positive feedback from her supervisor, the radio station's program director.

10. Between March 2019 and June 2019, Plaintiff took a maternity leave of absence from her employment with Defendant after giving birth to a child.

11. In 2020, Plaintiff became pregnant again.

12. On or about June 29, 2020, Defendant terminated the Plaintiff, citing Plaintiff's "performance issues."

13. In reality, Defendant was motivated to terminate the Plaintiff by discriminatory animus on the basis of Plaintiff's pregnancy status and sex.

14. Defendant's stated reason for terminating her ("performance issues") was nothing more than a pretext to conceal its true, unlawful discriminatory motive.

## COUNT I: PREGNANCY/SEX DISCRIMINATION (TITLE VII)

15. Plaintiff realleges paragraphs 1-14 above.

16. This is an action for compensatory damages, punitive damages, attorney fees and costs, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

17. Defendant is an employer that is subject to Title VII of the Civil Rights Act of 1964, because at all times material, Defendant had more than 15 employees.

18. Plaintiff is a member of a protected class, because she is female and, at the time her employment was terminated, she was pregnant.

19. Although Defendant reasonably accommodated the Plaintiff during Plaintiff's first pregnancy, Defendant did not want to make similar accommodations for the Plaintiff during her 2020 pregnancy.

20. Therefore, rather than accommodate the Plaintiff during her 2020 pregnancy, the Defendant terminated Plaintiff by reason of her pregnancy.

21. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered loss of past and future wages, loss of his ability to earn income, extreme emotional distress, mental pain and suffering, and loss of capacity for the enjoyment of life. The losses are permanent and continuing in nature and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff demands judgment against Defendant for the following:

    a. Compensatory damages, including general and special damages;

    b. Punitive damages;

    c. Costs of suit;

    d. Reasonable attorney fees; and

    e. Such other and further relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

22. Plaintiff demands a trial by jury on all issues so triable as of right.

Dated May 10, 2021.                                                      **THE BONDERUD LAW FIRM, P.A.**

*/s/ **Andrew Bonderud***
Andrew M. Bonderud, Esq.
**TRIAL COUNSEL**
Florida Bar No. 102178
2130 Riverside Ave.
Jacksonville, FL 32204
904-438-8082 (telephone)
904-800-1482 (facsimile)
Andrew@Jax.Lawyer
Kinnette@Jax.Lawyer
BonderudLaw@gmail.com
*Counsel for Plaintiff*